Case 5:20-cv-00387-OLG   Document 19   Filed 01/29/21   Page 1 of 4

FILED
January 29, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JU_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER GRISHAM, and JAMES EVERARD<br>*Plaintiffs*, <br><br>v.<br><br>RENE VALENCIANO; J. LOPEZ; HECTOR RUIZ; A. VIERA; and THE CITY OF OLMOS PARK,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 5:20-cv-00387-OLG |

## ORDER

On this day, the Court considered Defendants' Motion for More Definite Statement (docket no. 9) (the "Motion"). Having considered the Motion and the record, the Court finds that it should be DENIED.

Plaintiffs initiated this lawsuit against Chief Valenciano, Sargent Ruiz, Officer Viera and Officer Lopez as well as the City of Olmos Park, Texas, alleging various civil rights claims arising from an altercation and their arrest. *See* docket no. 1. Specifically, Plaintiffs Grisham and Everard were walking on a sidewalk in Olmos Park while carrying a handgun and an unloaded rifle. *Id.* at ¶ 14. Plaintiffs also carried video cameras to record their walking down the street. *Id.* After a call for service, Olmos Park officers, specifically Defendants Lopez, Valenciano, Viera, and Ruiz, approached Plaintiffs on the sidewalk who continued to record the interaction. *Id.* at ¶¶ 15-20. Plaintiffs then allege that Defendant Viera reached for Plaintiff Grisham, who backed up and put his hands in the air. *Id.* at ¶ 19. Defendant Valenciano then allegedly deployed his taser on Plaintiff Grisham, causing him to fall back and slam his head on the pavement, leaving him with a concussion and a serious abrasion to the back of his head. *Id.* at ¶ 20. Meanwhile, Defendant Ruiz placed Plaintiff Everard under arrest, handcuffing him, and taking his camera

and throwing it into the street. *Id.* at ¶ 21. Defendants Ruiz and Valenciano then shoved Plaintiff Everard face first into the pavement "for no lawful reason," allegedly causing him to fracture his wrist. *Id*. Defendants Lopez and Viera then dragged Plaintiff Grisham by his arms and legs to the police car as he was unable to maintain his footing. Despite witnessing Grisham's struggles, Defendant Valenciano allegedly waived EMS away in order to deny Plaintiff medical treatment. *Id.* at ¶ 22.

Once detained at the police station, Plaintiffs allege that Defendants destroyed their video recording equipment. *Id.* at ¶ 28. Moreover, Defendants allegedly made false statements about the arrest and then continued to keep Plaintiffs in handcuffs for no reason. *Id.* Plaintiffs then allege that this unlawful arrest and use of excessive force is part of a practice by the City of Olmos Park's police officers. *Id*. at ¶¶ 36, 42, and 43. As a result, Plaintiffs allege 9 causes of action: (1) excessive force in violation of the Fourth Amendment; (2) unlawful arrest; (3) unlawfully preventing protected conduct in violation of the First Amendment; (4) retaliation for protected conduct in violation of the First Amendment; (5) unlawful search and seizure in violation of Fourth Amendment; (6) failure to intervene; (7) deprivation of property; (8) failure to provide medical care in violation of the Fourteenth Amendment; and (9) malicious prosecution. *Id.* Plaintiffs also allege municipal liability against the City of Olmos Park.

Defendants file this Motion for a More Definite Statement on the grounds that Plaintiffs' complaint fails to differentiate among the Defendants in their causes of action. *See* docket no. 9. Indeed, Plaintiffs assert their causes of action against "Defendants." *See, e.g.*, docket no. 1 at ¶¶ 87-95. In response, Plaintiffs point to the detailed factual allegations outlined above, which specify each Defendant's role in the alleged causes of action. *See* docket no. 10.

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A district court will grant a motion for a more definite statement pursuant to Rule 12(e) when the pleading at issue is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Given the liberal pleading standard set forth in Rule 8, however, Rule 12(e) motions are disfavored. *Nebout v. City of Hitchcock*, 71 F. Supp. 2d 702, 706 (S.D. Tex. 1999). Thus, a motion for a more definite statement will be granted only when a pleading is so "barren of specifics," *United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 690 n.15 (1973), that the opposing party is unable to respond.

Given this standard, the Court finds that Defendants' Motion should be denied. As outlined above, Plaintiffs allege detailed factual allegations specifying each Defendant's role in the altercation. *See* docket no. 1. The complaint is not so "barren of specifics" that Defendants are unable to respond. *See SCRAP*, 412 U.S. at 690 n.15. On the contrary, the specific allegations outlined above adequately place each Defendant on notice of their alleged conduct giving rise to the complaint.

Moreover, although Defendants have not yet answered the complaint, they do briefly raise qualified immunity in their Motion. *See* docket no. 9. They argue that Plaintiffs must specifically plead how the officers' conduct was objectively unreasonable. *See id.* (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)). However, Defendants' brief mention of qualified immunity does not show how the complaint falls short. *See* docket no. 9. And, as noted

above, Plaintiffs plead sufficiently specific allegations giving rise to their claims against Defendants. *See Antoniewicz v. Univ. of Tex. Health & Sci. Ctr. at Houston*, 2015 WL 3771007, at *12 (S.D. Tex. June 17, 2015) (denying a motion for a more definite statement on the basis of qualified immunity as plaintiffs had adequately alleged the specific facts giving rise to their claim). These detailed allegations form the basis of the alleged constitutional violations, such as the right to be free from excessive force. *See id.*; *see also* Docket no. 1. Without deciding whether the defense of qualified immunity will apply in this case, the Court finds that a more definite statement is not needed. Accordingly, Defendants' Motion is DENIED.

**IT IS THEREFORE ORDERED** that Defendants' Motion for a More Definite Statement (docket no. 9) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this  29th  day of January, 2021.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE