IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GRISHAM and JAMES EVERARD, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | CIVIL NO. 5:20-cv-00387-OLG |
| RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VIERA, and THE CITY OF OLMOS PARK, | § § § § § | |
| *Defendants.* | | |

**DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION OF COURT'S AUGUST 30, 2021, ORDER REGARDING SCOPE OF PLAINTIFFS' DESIGNATED REBUTTAL EXPERT'S TESTIMONY AND PLAINTIFFS' FILING OF APPROPRIATE REBUTTAL EXPERT REPORT AND MOTION FOR EXPEDITED HEARING**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS, RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, and A. VIERA ("Individual Defendants"); and THE CITY OF OLMOS PARK, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") and files their Motion for Clarification of Court's August 30, 2021, Order [Dkt. 48] regarding the scope of Plaintiffs' rebuttal expert's testimony and accordingly Plaintiffs' filing of an appropriate rebuttal expert report, and would show this Court the following:

1.     On August 27, 2021, the Court scheduled a hearing to consider three motions filed by the parties, [Dkt. 32, 33, 35, and 43¹]. Defendants seek clarification on this Court's Order granting in

---

¹ Dkt 32 – Plaintiffs' Opposed Motion to Extend Scheduling Order Deadlines and Memorandum of Law in Support

part Plaintiffs' designation of a rebuttal expert as requested in Plaintiffs' Opposed Motion to Extend Scheduling Order Deadlines and Memorandum of Law in Support **[Dkt. 32]**. [**Audio of August 27, 2021, hearing, Audio Clip #17, at 2:31:06 time stamp, attached hereto as Exhibit "A"**]. When ruling on Plaintiffs' Opposed Motion to Extend the Scheduling Order, **[Dkt. 32]**, the Honorable Judge Bemporad stated on the record that he appreciates the parties' presentations and commented that he may have telegraphed his ruling a bit on this matter and ruled that the motion for extending the scheduling order deadlines is granted in part and denied in part. The Court extended the deadlines to allow for the designation and report of a rebuttal expert for Plaintiff to Defendants' expert and allowed for the deposition of Plaintiffs' rebuttal expert. The Court also ordered that Plaintiffs' rebuttal expert, "needs to be designated within 14 days from today." **[Audio of August 27, 2021 hearing, Audio Clip #15 at 2:18:43-2:19:16 time stamp attached hereto as Exhibit "C"].**

2. At the August 27, 2021, hearing, the Court also instructed the parties that if there is something wrong with this Court's order, to seek a clarification, because something may "undoubtedly" be in error. [**Audio of August 27, 2021, hearing, Audio Clip #17, at 2:31:06 time stamp, attached hereto as Exhibit "A"**].

3. "A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, No. C 08-0555 RS, 2010 WL 2867130, at *9 (N.D. Cal. July 20, 2010). This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the

---

Dkt 33 – Defendants' Motion to Compel Plaintiff Grisham's Deposition Production of Documents, Request for Sanctions and Request for Expedited Hearing
Dkt 35 – Plaintiffs' Opposed Motion for Leave, Motion to Compel Depositions, Motion to Show Cause, and Request for Sanctions
Dkt 43 – Plaintiffs' Reply Brief in Support of Plaintiffs' Motion for a Protective Order, Motion to Compel, and Motion for Sanctions

parties." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985). From this, it is apparent that the clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation.

4.     Plaintiffs complied with the Court's order to designate a rebuttal expert on or before September 10, 2021, by designating Chief Thomas Tiderington, on September 8, 2021. [**See Exhibit "B", "Plaintiffs' Christopher Grisham and James Everard Designation of Rebuttal Expert Witness".**]  However, in said designation, Plaintiffs described the scope of the anticipated testimony they hope to obtain from Chief Tiderington as their rebuttal witness.  Plaintiffs indicate that Chief Tiderington is expected to testify, "that Police Chief Valenciano, officers Lopez, Ruiz and Viera, abused their authority and disregarded pertinent department policies. . .".  As for Defendant City, the anticipated testimony is that ". . . the City of Olmos Park in the course and scope of the Officer's duties failed to adequately train their officers leading to the unlawful arrest and assault of plaintiffs, Christopher Grisham, and James Everard".   Rebuttal expert Tiderington is also expected to testify that, ". . . Officers Lopez, Ruiz, and Viera were not properly trained and failed to de-escalate the interactions with Plaintiffs." [**Exhibit "B"**, I, pgs. 1-2].

5.     At the hearing, Defendants argued that the rebuttal expert should be limited in scope of expert testimony consistent with the agreement of counsel and scheduling order deadlines that Plaintiffs missed to designate testifying expert witnesses and a rebuttal expert in response to Defendants' timely designation of a testifying expert. The Court limited the testimony of Plaintiffs' rebuttal expert to the 160-page PowerPoint[2]    utilized by Defendants' expert, Jerry Staton. Prior to filing this motion, on September 9, 2021, Defendants' counsel obtained a copy of the audio

---

[2] Defendants' counsel notified Plaintiffs' counsel via email on September 15, 2021, a clarification regarding the document referenced as the 160-page PowerPoint. The document is comprised of 47 pdf PowerPoint slides [DEFT 00795-00842]. The remaining 113 pages are pdf documents were copied together with the 47 pdf PowerPoint slides.

recording of the August 27, 2021, hearing to verify that Defendants' interpretation of the Court's ruling was correct and to determine the extent of the Court's ruling concerning the scope of Plaintiffs' rebuttal expert testimony. The audio tape revealed that the Court recognized that there was clearly a dispute between the parties regarding the Plaintiffs' agreement with Defendants to not designate expert witnesses in exchange for Defendants' agreement to extend the other scheduling order deadlines.[3] **[See Defendants' Response to Plaintiffs' Opposed Motion to Extend Scheduling Order Deadlines, Dkt. 38, ¶5; Dkt. 38-1,** Exhibit "A"**, pgs. 2-14]**. The Court asked the question if Plaintiffs should have made the request in front of the Court in June, and wasn't Defendants' attorney, Mr. Ruiz, able to rely on what Plaintiffs counsel's agreement. **[Audio of August 27, 2021, hearing, Audio Clip #15, at 2:15:45 time stamp, attached hereto as Exhibit "C"]**.

6. Plaintiffs' counsel, Grable, indicated that the real issue, as evidenced by the timing of Plaintiffs' motion is Defendants' expert's reference to the 160-page PowerPoint that he recently obtained. [**Exhibit "C", 2:16:22 time stamp**]. Mr. Grable further represented to the Court that once Plaintiffs found out that this information was out there, then they needed someone who could probably offer an opinion on this information. Mr. Grable indicated that the circumstances had changed and the reason why Plaintiffs are before the Court is the 160-page PowerPoint. **[Exhibit "C", 2:16:45 time stamp].**

7. The Court noted that Plaintiffs did not just want a rebuttal expert, but what Mr. Grable

---

[3] Plaintiffs' expert designation expired on April 19, 2021. [Scheduling Order Dkt. 22]. On May 21, 2021, Defendants designated their expert [Dkt. 26] and tendered their expert report to Plaintiffs' counsel. Plaintiffs' deadline to designate rebuttal experts pursuant to the Scheduling Order [Dkt. 22] was June 4, 2021(within 14 days of receipt of expert report), also expired, despite Plaintiffs' current counsel filing their Notice of Appearance on May 24, 2021. [Dkt. 27]. The current Amended Scheduling Order was filed on June 15, 2021, [Dkt. 30].

was describing sure sounded like a rebuttal expert to the Court and Plaintiffs would be able to question Defendants' expert about the 160-page PowerPoint and it sounds to the Court that it sounds like a rebuttal expert is all what Plaintiffs are asking for, not a new expert to consider the entirety of the case that Plaintiffs could have designated a long time ago or at least tell Defendants' counsel that Plaintiffs would have to fight Defendants on this matter because Plaintiffs need an expert on the whole case. This was the Court's expressed concern. **[Exhibit "C", 2:17:13 time stamp].**

8.      Plaintiffs' counsel Grable responded that Plaintiffs have not yet designated a rebuttal expert but have someone lined up ready to go. Grable represented to the Court that if Plaintiffs' expert will offer a specific rebuttal, that Plaintiffs will take it. Grable also indicated that if someone is going to offer a whole opinion, Plaintiffs would take it and whatever the deadline is, Plaintiffs will meet it. **[Exhibit "C", 2:18:17 time stamp].**

9.      The Court ruled on Plaintiffs motion by granting in part and denying in part. The Court extended the deadlines to allow for the designation and report of the rebuttal expert for Plaintiffs and to allow for the deposition of the rebuttal expert, indicating the Court's very strong view that the rebuttal expert be taken after the deposition of Defendants' expert. The Court also ordered Plaintiff to designate their rebuttal expert within 14 days of the hearing date and would be happy to discuss with the parties when "the appropriate rebuttal report" might be filed. **[Exhibit "C", 2:18:47 time stamp].**

10.     On August 30, 2021, Judge Bemporad issued his written order which stated in part "Plaintiffs' Opposed Motion to Extend Scheduling Order Deadlines and Memorandum of Law in Support (Docket Entry 32) is GRANTED IN PART, and the following deadlines are established in this case: a. Plaintiffs may designate a rebuttal expert on or before September 10, 2021.

Defendants are entitled to depose that expert. . ." [**Dkt. 32, see attached Exhibit "D"**]. Plaintiffs' counsel has asserted that the intent of the Court was to provide no limitation on the scope of the testimony for Plaintiffs' rebuttal expert.

11. After Plaintiffs' designation of Chief Tiderington on September 8, 2021, on September 15, 2021, via email, Defendants' counsel requested a copy of the rebuttal expert's report. Plaintiffs' counsel indicated that Defendants would receive Chief Tiderington's report after receipt of Defendants' expert, Staton's, deposition transcript. **[See Exhibit "E" email string].**

12. Defendants' counsel proceeds with this motion on two aspects. One is to request a clarification of the Court's Order regarding the scope of Plaintiffs' expert rebuttal testimony limited to the 160-page PowerPoint, and consequently, leading to the second, the appropriate rebuttal report for discussion with the Court. Defendants contend that the scope of Chief Thomas Tiderington's anticipated rebuttal expert testimony described above does not conform to the deposition testimony of a rebuttal expert, but an expert to render an opinion on the Plaintiffs' entire case in chief. As referenced above, an issue the Court expressed displeasure.

13. Plaintiffs have informed Defendants that they believe Judge Bemporad's language is unambiguous, therefore are unopposed to this motion. Defendants on the other hand, considering the Court's above-referenced findings made at the hearing, is of the opinion that there is a limitation to the rebuttal expert's testimony. Therefore, Defendants respectfully request a clarification of the Court's August 30, 2021, Order.

## MOTION FOR EXPEDITED HEARING

14. Pursuant to the referenced Court's Order, the discovery deadline is October 22, 2021. As noted above, the Court has strongly suggested that Defendants' expert's deposition be taken first with the Plaintiffs' rebuttal expert's deposition to follow. Defendants require a clarification

on the Court's Order and the parameters of the rebuttal expert testimony and report to attempt to proceed with the depositions of the parties' experts within the discovery deadline.

### ATTEMPT TO CONFER

15. On September 15, 2021, Defendants' counsel conferred with Plaintiffs' counsel via email to discuss, among other matters, Defendants proposed filing of a Joint Motion to Clarify the Court's Order, as referenced above, to determine expert and rebuttal expert deposition testimony and matters to be addressed in the rebuttal expert's report. Plaintiffs' counsel requested to review a copy of Defendants' motion. On September 21, 2021, a copy of Defendants' motion was emailed to Plaintiffs' attorneys. At a telephone conference on September 22, 2021, Plaintiffs' counsel indicated that he did not see any reason to seek clarification, but he did not oppose the motion.

### PRAYER

For these reasons, Defendants ask the Court to grant their Motion for Clarification of the Court's August 30, 2021, Order regarding scope of Plaintiffs' designated rebuttal expert's testimony and Plaintiffs' filing of appropriate rebuttal expert report, set this matter for hearing and/or consideration as soon as possible, and to grant Defendants any further relief as provided by law or in equity.

Signed on the 24th day of September 2021.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:   (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com

BY:  */s/ Adolfo Ruiz*
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 24th day of September 2021, to the following

Brandon Grable   **E-NOTIFICATION**
Austin M. Reyna
Grable Grimshaw Mora PLLC
1603 Babcock Road, Suite 280
San Antonio, Texas 78229

*/s/ Adolfo Ruiz*
PATRICK C. BERNAL
ADOLFO RUIZ