IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GRISHAM and JAMES EVERARD,** | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | CIVIL NO. 5:20-cv-00387-OLG |
| **RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VIERA, and THE CITY OF OLMOS PARK,** | § § § § § | |
| *Defendants.* | | |

**DEFENDANTS AMENDED OPPOSED MOTION FOR SANCTIONS AGAINST PLAINTIFFS AND/OR THEIR COUNSEL FOR VIOLATION OF THE COURT'S CONFIDENTIALITY AND PROTECTIVE ORDER UNDER SEAL PURSUANT TO LOCAL RULE CV-5.2.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DEFENDANTS, RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, and A. VIERA ("Individual Defendants"); and THE CITY OF OLMOS PARK, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") and pursuant to Fed. R. Civ. P. Rule 37 (b), and pursuant to the Court's October 27, 2021, Order **[Dkt. 69],** file an unsealed Amended Opposed Motion for Sanctions against Plaintiffs and/or their Counsel for violation of this Court's March 5, 2021, Confidentiality and Protective Order **[Dkt 24]** with necessary redactions to Defendants' Original Opposed Motion for Sanctions against Plaintiffs and/or their Counsel for Violation of the Court's Confidentiality and Protective Order Under Seal Pursuant to Local Rule CV-5.2. **[Dkt. 65-1]** to avoid disclosure of confidential information and would show this Court the following:

# I.
# BACKGROUND

1.      On March 4, 2021, the parties to the instant action filed a Joint Motion for Confidentiality and Protective Order to protect sensitive and private information of police officers; city officials, city employees, and confidential information of criminal investigations, arrests, and convictions of third parties from disclosure, dissemination, and publication on the internet; electronic and broadcast media; social media platforms.   **[Dkt.23, ¶4].** The parties executed an agreed-to Confidentiality and Protective Order, entered by the Honorable Chief United States District Judge Orlando Garcia on March 5, 2021. **[Dkt. 24].**

2.      Pursuant to the Joint Motion, the Plaintiffs acknowledged and agreed that Defendants' answers and responses to Plaintiffs' "Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants; and representatives and employees of the City be kept confidential". **[Dkt. 23, ¶4].** Plaintiffs agreed to keep Defendants' answers and responses from, "dissemination; publication; posting; broadcasting; referencing; and copying on the internet and other electronic and broadcast media, social media platforms, to include YouTube, and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts. **[Dkt. 23, ¶3].**

3.      The parties conferred and agreed to the matters listed in the Confidentiality and Protective Order and requested that this Court enter and make the Order a part of the court record for all purposes. **[Dkt. 23, ¶5].**

4.      On Wednesday, October 13, 2021, the court ordered deposition of Olmos Park Police Chief Valenciano was taken by Plaintiffs' counsel.

5. On Thursday, October 14, 2021, at approximately 11:25 a.m., Plaintiffs' counsel, Brandon Grable forwarded an email to Defendants' counsel requesting whether the undersigned would accept service of a new federal court lawsuit filed on the same date by Plaintiffs. **[See Sealed Exhibit "A" Dkt. 65-1].**

6. On Friday, October 15, 2021, at approximately 9:13 a.m., Defendants' counsel became aware of a YouTube video created by Plaintiff, Everard, entitled "Olmos Park Lawsuit Update" which disclosed facts obtained from the deposition testimony of Chief Valenciano including the deposition exhibits utilized in his deposition. [**See Sealed Exhibit "B" [Dkt. 65-2].** In the YouTube video, Everard referred to and mentioned Plaintiffs' counsel by their first names and indicated that not to worry that he remembered what they told him. Everard also acknowledged that the information in the lawsuit is still classified. **[See Sealed Exhibit "B", time stamp 3:40-3:55 Dkt. 65-2]**. Starting at time stamp 10:00, although being aware of the classified information in the case, Everard referred to a link where the entire lawsuit could be read. Everard also commented on the content of the exhibits used in and testimony elicited from Chief Valenciano's deposition. Everard also mentioned third parties mentioned in deposition exhibits. Defendants produced copies of said exhibits identified as Exhibits 1 and 2 in discovery. These documents fall under the definitions of "Classified "Information" and "Confidential" Information" under the Protective Order. **[Dkt. 24, ¶¶1,2].** For extra measure, Defendants included a stamp "CLASSIFIED INFORMATION" in red on every page in Exhibit 1, Bate Stamp numbers 00953 – 00968 and documents relating to third parties in Exhibit 3,[1] Bate Stamp numbers 00793 – 00952. In addition, Everard disclosed information derived from Chief Valenciano's deposition testimony

---

[1] This exhibit was objected to by Defendants' counsel at the deposition.

about an email designated as Exhibit 2, in the deposition. **[See Sealed Exhibits "C", "D" and "E" respectively Dkt. 65-3 to 65-5].**

7. Plaintiffs' new lawsuit contains information gleaned, obtained, embellished, or mischaracterized from discovery obtained by Plaintiffs in the instant case. **[See Sealed Exhibit "F" Dkt. 65-6].**

8. Defendants forwarded correspondence on Friday, October 15, 2021, notifying Plaintiffs of their violation of the Court's Protective Order and demanded that Everard's YouTube video be removed immediately from the website and to amend Plaintiffs' new lawsuit immediately to remove alleged factual allegations obtained from the information derived from the instant case. **[See Exhibit "G" Dkt. 65-7]**.

9. It is Defendants' understanding that Mr. Everard's video was removed sometime in the morning of October 16, 2021.

10. However, as of the filing of this motion, Plaintiffs' new lawsuit is still on file with the District Clerk's Office and has not been removed or amended as requested by Defendants' counsel in their letter. In addition, Mr. Grisham republished in a public forum the entirety of Plaintiffs' new Complaint on his Facebook page soliciting comments from his internet followers. **[See Exhibit "H" Dkt. 65-8]**. As of the filing of this motion, it is Defendants' understanding that Mr. Everard's posting of Plaintiffs' new Complaint was taken off his Facebook page.

## II.
## ARGUMENT AND LEGAL AUTHORITY

11. The Fifth Circuit supports the imposition of Fed. R. Civ. P. Rule 37 (b) sanctions for violation of Rule 26(c) protective orders. *Ross v. Dejarnetti*, 2021 WL 24706, *3 (E.D. LA, 2021), citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 489 (5th Cir. 2012) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (holding that

Rule 37(b)(2) authorizes the court to impose sanctions for disobeying a discovery order); *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 911 (9th Cir. 1986) (upholding the court's grant of sanctions under Rule 37(b) for violation of a protective order); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31–33 (D. Me. 1994) (imposing sanctions of attorney's fees and costs pursuant to Rule 37(b) for violations of a protective order)). The Fifth Circuit in *Fuller* agreed with the district court in its determination that the ". . . Protective Order in this case was an 'order to provide or permit discovery' as the phrase is used in Rule 37 (b)(2)[2]. *Fuller* at 489. The *Fuller* court determined that the protective order in its case, ". . .govern[ed] confidential material produced or disclosed by these Defendants or Plaintiff[s] in response to formal or informal discovery conducted in this matter". Id at 489. The *Fuller* court further noted that, "In our view, by prescribing the method and terms of the discovery of confidential material, the Protective Order was granted 'to provide or permit discovery' of confidential documents within the meaning of Rule 37(b), citing Fed. R. Civ. P. 37(b)(2)(A). *Id* at 490. In *Fuller*, the Court had evidence that the dissemination, even while accidental, had actually been viewed and accessed by the public. *Id.* at 487 (discussing how disseminating counsel's firm mistakenly copied the confidential and trade secret protected information onto compact discs that were distributed widely to many personal injury lawyers attending a conference that was specifically about obtaining discovery from the producing party). Moreover, the producing party found out about the violation through third-parties personal injury lawyers who sued the producing party after receiving such information. *Id.* The *Fuller* court noted that the violation sanction was not the disseminating party's first violation of the protective order.

---

[2] Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may: (1) direct that the facts be established as the prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." *Ross* at *3.

*Id.* In *Fuller*, the court determined that a party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct. *Id.*

12.     In *Ross v. Dejarnetti*, Defendant's attorney electronically filed a pleading containing documents as exhibits deemed confidential in violation of a protective order. *Id* at *2. The Defendant argued that the public upload and disclosure was a mistake and not intentional. *Id* at *3. Additionally, Plaintiff contended that Defendant's counsel took information from documents designated as confidential produced in the case and inserted it into a separate Complaint. *Id.* The *Ross* court found that Defendant's counsel, "unequivocally" violated the Protective Order and that the public upload of documents violated the protective order. *Id* at *4. Regarding the extraction of information contained within documents designated as confidential and inserting them into publicly filed separate pleadings, the court determined that the use of that information in a separate and distinct action violated the court's protective order. *Id* at *5. The *Ross* court found that sanctions were necessary to encourage future compliance with the protective order and awarded the Plaintiff attorney fees incurred in the filing of the motion. *Id.* at 7.

13.     Similar cases in this District and in the Fifth Circuit echo the wide latitude given the courts to determine sanctions under Rule 37(b)(2)(A) for violations of Rule 26. In *Jane Envy, LLC v. Infinite Classic Inc.,* 2016 WL 5373035 (WD Tex. 2016), the Honorable U.S. District Judge Ezra considered the Plaintiff's Motion for Sanctions for abuse of discovery and enter a judgment in her favor from a recalcitrant Defendant who did not timely respond to discovery and pleadings or appear at hearings. The Court considered other Fifth Circuit cases findings that, "[N]either [the Fifth Circuit] nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions". *Infinite* at *4, citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993). The district court "has broad discretion under Rule 37 (b) to

fashion remedies suited to the misconduct". *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). "[U]sually, ... a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case." *Fuller* at 488 citing *Pressey* at 1021. The court determined that for discovery related failures, the imposition of attorney's fees and costs was an appropriate sanction.

### A. Plaintiffs' Counsel is Subject to Sanctions.

14. While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders ... there is no doubt" that a court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior. *Ross* at *3 citing *Elloie v. Allstate Ins. Co.*, No. CIV.A 07-4434, 2008 WL 4747214, at *3 (E.D. La. Oct. 17, 2008) (citing *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993)).

### B. Violation of an Agreed-To Confidentiality and Protective Order is a Breach of an Agreement Between the Parties and the Court.

15. The distinction between the imposition of sanctions against the violating party is the violation of not timely or not responding to discovery either by unintentional oversight, apathy, or intentional acts by a recalcitrant party. However, the distinction this case presents is the violation of a higher degree of a Joint Motion and agreed-to Confidentiality and Protective order, which clearly defines what is "Confidential Information" and "Classified Information"; the reasons for said confidentiality; and a process and restrictions for the disclosure of the classified information in the instant case. The agreed-to Confidentiality and Protective Order was executed by both parties and approved by the Court, which is a contractual arrangement for the disclosure of information considered confidential for the use in <u>this</u> case. Plaintiffs' actions were a deliberate breach of that agreement between Plaintiffs, Defendants, and this Court. Taking the Confidentiality

and Protective Order as a whole. Plaintiffs are not only in breach of the spirit of the Order, but multiple breaches of different sections of this agreed-to Order as delineated in this motion.

**C.    In Addition to Violating the Confidentiality and Protective Order, Plaintiffs are Circumventing the Court's Jurisdiction by Filing a New Lawsuit.**

16.    Pursuant to Scheduling Order **[Dkt. 15]** the deadline for the parties to file all motions to amend or supplement pleadings was October 5, 2020. Subsequent amended scheduling orders did not include an extension for the amendment of pleadings. In order to avoid a motion for leave to file an amended Complaint to add yet another additional First Amendment violation against Defendants City and Valenciano, a deliberate decision was made to file an entirely new lawsuit improperly utilizing confidential information obtained from the instant case[3]. This posturing move would avoid Plaintiffs from (1) prolonging the discovery in this case by development of additional facts in the filing a motion for leave to file an amended Complaint;[4] and (2) the Court's possible denial of said motion. The deliberate circumvention of Plaintiffs to attempt to avoid the jurisdiction of this Court to consider Plaintiffs' additional First Amendment allegations should be taken into consideration in the determination of this Court's striking Plaintiffs' Pleadings as appropriate sanctions.

## III.
## STRIKING OF PLAINTIFFS' PLEADINGS IS THE APPROPRIATE SANCTION FOR PLAINTIFFS' BEHAVIOR.

17.    "Our caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called "death penalty" sanctions). For a lesser sanction, we broadly require the district court to

---

[3] **Use of Classified Information** All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.  **[Dkt. 24, ¶5].**

[4] In contradiction of Plaintiffs' argument that Defendants to not have good cause in requesting additional time to depose Plaintiffs' rebuttal expert and such extension would extend the Scheduling Order deadline's trial date. **[Dk. 57, E].**

determine the sanctions are "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Law Funder v. Munoz*, 924 F. 3d 753, 758 (5th Cir. 2019), citing *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)).  The Fifth Circuit in *Munoz* determined that the district court must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudice[d] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *Id* at 758 -59, citing *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

18.   In the instant case, on the day after Chief Valenciano's deposition, Plaintiff Everard acknowledged that information from this case is confidential and acknowledged his attorneys on YouTube by name, yet Everard still disclosed information obtained in the discovery in this case, specifically information obtained from the deposition of Chief Valenciano.  Everard's YouTube video was out in the public for at least 24 to 48 hours before it was taken down.  Grisham also posted the Plaintiffs entire new Complaint the day after Chief Valenciano's deposition on his Facebook page for anyone in the public to see and comment. **[See Exhibit "H" Dkt. 65-8].** Even after receipt of the notice of protective order violation from Defendants' counsel on October 15, 2021, Plaintiffs' new Complaint is still on file with the District Clerk and was available for the public for a time on Grisham's Facebook page. These are deliberate acts by Plaintiffs and highly prejudice the City by Plaintiffs' attempt to try their case in the media and using the instant lawsuit to rally their troops and cause needless potential altercations with the City's law enforcement officers. In addition, the intervention of an additional separate cause of action with the same basis

of facts against Defendants City and Chief Valenciano will cause these Defendants to fight the same case on two different fronts, causing the expenditure of additional time, attorney's fees and expenses in the defense of this case. Further, the impermissible use of information deemed confidential in the new Complaint, for use in the defense of Chief Valenciano and the City in the new lawsuit, will subject these defendants to violations of the Confidentiality and Protective Order in this case.

19. As demonstrated above, Plaintiffs' blatant violation of the Court's Confidentiality and Protective Order and the intentional flaunting and mischaracterization of the confidential information obtained in this case on the internet to a multitude of "Non-Qualified" individuals in an open public forum to satisfy their own agenda, deserves the severest form of sanctions, the striking of Plaintiffs' pleadings in this case. A lesser sanction than striking Plaintiffs' pleadings would not substantially achieve the desired deterrent effect of Plaintiffs misuse of the federal court system to achieve self-serving goals. Alternatively, if the Court should decide otherwise, Defendants request that the Court dismiss Plaintiffs' instant case without prejudice; Plaintiffs' rebuttal expert be stricken; Plaintiffs' new Complaint be dismissed with or without prejudice; and award Defendants' recovery of their reasonable expenses, costs and attorneys' fees in the preparation and prosecution of this motion.

## **CONCLUSION**

20. It is not coincidental that Plaintiffs and their counsel filed a new Complaint the day after Chief Valenciano's deposition. Plaintiffs and/or counsel intended to utilize information deemed confidential in this case to assert a new lawsuit against Defendant City and Chief Valenciano. The individual Plaintiffs themselves were ready to broadcast on YouTube and social media an alleged victory from confidential and/or classified information obtained in discovery and to disseminate

to the public at large who do not fall into the definition of "Qualified Persons" under the Confidentiality and Protective Order. [**Dkt. 24, ¶3**]. Plaintiffs and/or their counsel deliberately and intentionally violated the Court's Confidentiality and Protective Order.

## CERTIFICATE OF CONFERENCE

21. Defendants provided Plaintiffs with correspondence on October 15, 2021, to immediately remove Everard's YouTube video and to amend the Complaint in Plaintiffs' new lawsuit to remove the information utilized in their new Complaint. As noted above, Plaintiffs removed Everard's YouTube video, and a copy of the new Complaint was removed from Grisham's Facebook account, however, to the best of Defendants' knowledge, as of this date, Plaintiffs' new Complaint in still available for public view with the District Clerk.

## PRAYER

22. For these reasons, Defendants ask the Court to order Plaintiffs to remove and/or withdraw their new Complaint and to order Plaintiffs from publishing the information deemed confidential in this lawsuit pursuant to the Court's Confidentiality and Protective Order and for sanctions by striking Plaintiffs' pleadings or any other similar sanctions allowed by law, and for Plaintiffs to pay Defendants for the reasonable costs, expenses and attorneys' fees incurred in the filing and prosecution of this motion.

Signed on the 2nd day of November 2021.

Respectfully submitted,

Denton Navarro Rocha Bernal & Zech
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:      (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com

          BY:    ***/s/ Adolfo Ruiz***
                 PATRICK C. BERNAL
                 State Bar No. 02208750
                 ADOLFO RUIZ
                 State Bar No. 17385600

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 2nd day of November 2021, to the following

Brandon Grable                              **E-NOTIFICATION**
Austin M. Reyna
Grable Grimshaw Mora PLLC
1603 Babcock Road, Suite 280
San Antonio, Texas 78229

                                        ***/s/ Adolfo Ruiz***
                                        PATRICK C. BERNAL
                                        ADOLFO RUIZ