Case 5:20-cv-00387-OLG   Document 118   Filed 09/20/22   Page 1 of 2

FILED
September 20, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GRISHAM, JAMES EVERARD, <br><br> Plaintiffs, <br><br> v. <br><br> RENE VALENCIANO, OLMOS PARK CHIEF OF POLICE; J. LOPEZ, OFFICER; HECTOR RUIZ, OFFICER; A. VIERA, OFFICER; AND CITY OF OLMOS PARK, <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL NO. SA-20-CV-00387-OLG |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Henry J. Bemporad (Dkt. No. 110, the "R&R"), which recommends that the Court grant Defendants' Motion for Summary Judgment (Dkt. No. 81) and deny Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 82). Plaintiffs have filed thirty-eight pages of objections to the R&R. *See* Dkt. No. 114. The Defendants have responded. *See* Dkt. No. 115. The Court has conducted a de novo review of all matters to which Plaintiffs have objected and finds that the R&R should be accepted in part and modified in part.[1] *See* Fed. R. Civ. P. 72(b).

The R&R recommends that the Court grant Defendants' motion "as to any constitutional claim of malicious prosecution." R&R at 19. That recommendation is based on an erroneous statement of the law as it now stands. In April of this year, the Supreme Court of the United States recognized that individuals may bring a § 1983 claim for malicious prosecution under the Fourth Amendment. *Thompson v. Clark*, ___ U.S. ___, 142 S. Ct. 1332, 1335 (2022). In so recognizing, it laid out the following elements to maintain a malicious prosecution claim:

---

[1] To the extent there are any portions of the R&R to which Plaintiffs did not object, they are not clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

> (i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice; and (iii) the prosecution terminated in the acquittal or discharge of the accused.

*Id.* at 1338 (internal quotation marks omitted). To that end, the R&R's basis for recommending the grant of Defendants' motion on this issue is incorrect. It is, however, correct in its recommended outcome. As the R&R sets forth, and the Court adopts, there was probable cause to arrest the Plaintiffs in this action. *See* R&R at 15–17 (Mr. Everard's arrest); R&R at 18–19 (Mr. Grisham's arrest). Accordingly, the Defendants have demonstrated that they are entitled to judgment as a matter of law on Plaintiffs' malicious prosecution claims. *Thompson*, 142 S. Ct. at 1338. The R&R is accepted in all other respects.

Accordingly, **IT IS ORDERED** that Magistrate Judge Bemporad's Report and Recommendation is **ACCEPTED IN PART** and **MODIFIED IN PART** as set forth above.

It is **FURTHER ORDERED** that Defendants' Motion for Summary Judgment, Dkt. No. 81, is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, Dkt. No. 82, is **DENIED**.

It is so **ORDERED**.

SIGNED this 20 September, 2022

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE